[Cite as *State ex rel. King-Malone v. Rintala*, 2026-Ohio-3010.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. PARIS KING-MALONE,

     Relator

     v.

HON. PAMELA A. RINTALA, et al.

     Respondents

C.A. No. 31870

ORIGINAL ACTION IN MANDAMUS AND PROCEDENDO

Dated: August 5, 2026

PER CURIAM.

{¶1} Paris King-Malone filed a complaint seeking a writ of prohibition to order the respondents, Judge Pamela Rintala, Magistrate Richard Stahl, and the Summit County Court of Common Pleas ("the Respondents") to refrain from exercising jurisdiction over Summit County Court of Common Pleas, Domestic Relations Division, Case No. DR-2020-09-2389 ("the Summit County case"). She also sought a writ of mandamus compelling the respondents to refrain from proceeding in the case. According to an "exhibit" filed by Ms. King-Malone, however, Case No. DR-2020-09-2389 is no longer pending. On July 15, 2026, therefore, this Court ordered the parties to file responses addressing whether this action is moot. The parties have responded.

{¶2} As an initial matter, to the extent the counts in the complaint name the Summit County Court of Common Pleas, Domestic Relations Division, Ms. King-Malone cannot obtain relief. The Ohio Supreme Court has held repeatedly that courts are not sui juris. *See*, e.g., *Page*

*v. Geauga Cty. Prob. & Juvenile Court*, 2023-Ohio-2491, ¶ 3; *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2021-Ohio-2374, ¶ 26. As such, Ms. King-Malone's claims against the Summit County Court of Common Pleas, Domestic Relations Division must be dismissed. *Id.*

{¶3} Ms. King-Malone's remaining claims must be dismissed because they are moot. When an actual controversy no longer exists before this Court, we must dismiss a case as moot. *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, 2022-Ohio-2833, ¶ 9. A case is moot when, without any fault of the respondent, an event occurs which renders it impossible for this Court to grant any relief to the relator. *State ex rel. Wood v. Rocky River*, 2021-Ohio-3313, ¶ 13.

{¶4} Ms. King-Malone's petition appears to assert that she is entitled to a writ of prohibition restraining the Respondents from exercising jurisdiction because the Summit County Case arose from a transfer from Cuyahoga County, and the Cuyahoga County Court of Common Pleas did not have jurisdiction in the first instance. For a writ of prohibition to issue, a relator "must prove that a lower tribunal is about to exercise judicial or quasi-judicial power without authority and that there is no adequate remedy in the ordinary course of the law." *State ex rel. Feltner v. Cuyahoga Cty. Bd. of Revision*, 2020-Ohio-3080, ¶ 6. It is well established that a writ of prohibition issues to prevent future acts rather than to correct past actions. *Id*. To the extent that Ms. King-Malone argues that a writ of prohibition should issue to correct past action by a court that patently and unambiguously lacked jurisdiction, her arguments pertain to actions taken by Cuyahoga County Court of Common Pleas rather than Respondents. Because the Summit County Case has been terminated, it is impossible for this Court to grant the relief that Ms. King-Malone requests, and her prohibition action is moot.

{¶5} Ms. King-Malone's petition also appears to maintain that the Respondents have a clear legal duty to take certain actions within the context of Case No. DR-2020-09-2389. To

establish that she is entitled to a writ of mandamus, Ms. King-Malone must demonstrate that she has a clear right to the requested relief, that the respondents have a clear legal duty to provide that relief, and that she does not have an adequate remedy in the ordinary course of law. *State ex rel. Manley v. Walsh*, 2014-Ohio-4563, ¶ 18. Mandamus is an appropriate remedy when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *See*, *e.g.*, *State ex rel. CNG Financial Corp. v. Nadel*, 2006-Ohio-5344, ¶ 20. It is well-settled, however, that mandamus will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253. Because all pending motions have been addressed and the case has been closed, there is no duty on the part of Respondents that remains to be performed, and this Court cannot grant the relief that Ms. King-Malone requests.

{¶6} The petition is dismissed. Costs are taxed to Ms. King-Malone. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

PARIS KING-MALONE, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondents.